IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MULLEN INDUSTRIES LLC, <br> *Plaintiff*, <br><br> v. <br><br> META PLATFORMS, INC., <br> *Defendant*. | §<br>§<br>§<br>§<br>§  No. 1:24-cv-354-DAE<br>§<br>§<br>§<br>§<br>§ |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND
(2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S
<u>PARTIAL MOTION TO DISMISS</u>

Before the Court is the Report and Recommendation ("Recommendation") of U.S. Magistrate Judge Susan Hightower, filed on November 14, 2024. (Dkt. # 45), recommending the Court grant in part and deny in part Defendant Meta Platforms, Inc.'s ("Meta") Partial Motion to Dismiss (Dkt. # 23). Plaintiff Mullen Industries, LLC ("Mullen") timely objected to portions of the Recommendation on November 26, 2024 (Dkt. # 51), and Meta filed a response to those objections on December 10, 2024 (Dkt. # 56).

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the objected-to portions of the Recommendation and reviewing the unobjected-to portions for clear error, the

1

Court **ADOPTS** the Recommendation in its entirety. Accordingly, Meta's Partial Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Dkt. # 23.)

BACKGROUND

This case involves allegations by Mullen Industries that Meta infringed several of its patents related to virtual and augmented reality technology. (Dkt. # 45 at 1.) The First Amended Complaint ("FAC") asserts twelve counts of patent infringement, including infringement of the two patents at issue in Mullen's Objection to the Recommendation (Dkt. # 51): U.S. Patent Nos. 10,974,151 ("'151 Patent") and 9,662,582 ("'582 Patent"). (Id.) The FAC alleges that Meta infringes Mullen's patents through its augmented reality and virtual reality ("AR/VR") systems, including wearable headsets ("Accused Products"). (Id.)

Meta filed a Partial Motion to Dismiss under Rule 12(b)(6), challenging Counts I, II, III, IV, V, VII, and IX on the grounds that Mullen failed to plausibly allege infringement of essential claim elements. (Dkt. # 23.) Judge Hightower recommended dismissal with prejudice of Count II (the "Wireless Telephone" count) and Count VII (the "Artificial Intelligence" count), while recommending the Court deny Meta's Motion as to Counts I, III, IV, V, and IX (the "Landscape Characteristics" counts). (Dkt. # 45 at 12.) Mullen has objected to Judge Hightower's recommendations that Count II and Count VII be dismissed

2

with prejudice and that the Court deny its request for leave to amend. (Dkt. # 51 at 6–13.)

## LEGAL STANDARD

I.     Review of Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.    12(b)(6) Motion to Dismiss

While Federal Circuit law governs substantive issues of patent law, the law of the respective regional circuit governs the procedural issue whether to

3

grant or deny a motion to dismiss.  Disc Disease Sols. Inc. v. VGH Sols., Inc., 888 F.3d 1256, 1259 (Fed. Cir. 2018); Grecia Est. Holdings LLC v. Meta Platforms, Inc., 605 F. Supp. 3d 905, 910 (W.D. Tex. 2022).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  The Supreme Court has explained that a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678 (internal quotations and citations omitted).  Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations."  Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess

Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

In patent cases, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. Lifetime Indus., Inc. v. Trim-Lok, Inc., 869 F.3d 1372, 1379 (Fed. Cir. 2017). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." In re S. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008) (quoting Twombly, 550 U.S. at 556).

In Bot M8 LLC v. Sony Corp. of Am., 4 F.4th 1342, 1352 (Fed. Cir. 2021), the Federal Circuit embraced a flexible pleading standard for direct infringement, inquiring "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." The court explained that:

> The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device.
>
> Accordingly, a plaintiff cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.

Id. at 1353.

An element-by-element pleading of fact for each asserted patent claim is not required, Sesaco Corp. v. Equinom Ltd., No. 1:20-CV-1053-LY, 2022 WL 1546642, at *1 (W.D. Tex. Mar. 11, 2022), but: "To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." Encoditech, LLC v. Citizen Watch Co. of Am., Inc., No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019). In patent cases, "the complaint must support . . . entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." Vervain, LLC v. Michron Tech., Inc., No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting Bot M8, 4 F.4th at 1353).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019).

## DISCUSSION

I. <u>Unobjected-to Portions of the Report and Recommendation</u>

Judge Hightower recommended denying Meta's Motion to Dismiss as to Counts I, III, IV, V, and IX, which concern patents sharing a common specification in claim 1 requiring a detector that determines "landscape characteristics" of a physical playfield. (Dkt. # 45 at 8, 11.) Judge Hightower found that Meta's arguments for dismissal of these counts would require the Court to improperly engage in claim construction at the pleadings stage. (<u>Id.</u> at 10.) <u>See</u>, e.g., <u>Pedersen v. Zoho Corp.</u>, No. 1:23-CV-71-DII, 2023 WL 3612333, at *2 (W.D. Tex. May 23, 2023) (denying motion to dismiss when defendant's arguments "require the Court to interpret claim language, which is improper at this stage of the litigation").

No party objected to these recommendations, and the Court finds no clear error in Judge Hightower's analysis. Accordingly, the recommendations as to Counts I, III, IV, V, and IX are **ADOPTED**. Meta's Partial Motion to Dismiss these counts is therefore **DENIED**.

II. <u>Objections to the Report and Recommendation</u>

A. <u>Count VII: "Wireless Telephone" Claim ('151 Patent)</u>

Judge Hightower recommended dismissing Count VII with prejudice, finding that the FAC failed to plausibly allege infringement of the '151 Patent.

(Dkt. # 45 at 5.)  Claim 1 of the '151 Patent recites a system comprising "a wireless telephone having a locating device and a display, wherein a location-based video game is operable to be played on said wireless telephone." (Dkt. # 45 at 4.)

Meta asserts in its Motion: "The complaint nonsensically asserts a claim requiring a 'wireless telephone' against Meta's virtual reality gaming headsets.  A wireless telephone is not a virtual reality headset: Nothing in the claim language, specification, file history, or common sense suggests that a 'wireless telephone' is a virtual reality headset." (Dkt. # 23 at 17) (citation omitted).  Meta notes that the application was filed in 2006, and the claim is directed to games on a wireless telephone, like the "Sprint VISION PCS wireless telephone" from the 2000s.  (Dkt. 19-7 at 2:11-14, '151 Patent.)

Mullen argues in response that it plausibly pleads the Accused Products are wireless telephones because Meta's Messenger instant messaging software application is preinstalled on them, allowing them to make calls.  (Dkt. # 24 at 14–15.)

The Magistrate Judge concluded that the FAC could not be read as plausibly asserting that Meta's head-mounted AR/VR devices are "wireless telephones," citing Ottah v. Fiat Chrysler, 884 F.3d 1135, 1141 (Fed. Cir. 2018) (affirming dismissal of claim that camera holders infringed a patent for a book

8

holder; district court stated that the fact that the book holder "could be used to hold a camera does not make it the equivalent of a mobile camera" ). (Dkt. # 45 at 5.)

Mullen objects to the Recommendation, arguing that Judge Hightower improperly engaged in premature claim construction by interpreting "wireless telephone" without the benefit of a developed record. (Dkt. # 51 at 7.) The Court finds Mullen's objection unpersuasive. As the Recommendation notes, no claim construction is needed to find that Mullen has not plausibly alleged that the Accused Products are a "wireless telephone," merely because they utilize instant messaging software. (Dkt. # 45 at 5.) Meta's infringement allegation is "implausible on [its] face." Bartonfalls LLC v. Turner Broad. Sys., Inc., No. 2:16-CV-1127-JRG-RSP, 2017 WL 1375205, at *2 (E.D. Tex. Mar. 15, 2017)(E.D. Tex. Apr. 10, 2017). Drawing on "judicial experience and common sense," Iqbal, 556 U.S. at 679, the Court finds that Judge Hightower correctly concluded the Complaint could not be read as plausibly asserting that Meta's head-mounted AR/VR devices are "wireless telephones." Accordingly, this objection is **OVERRULED**. Count VII is **DISMISSED WITH PREJUDICE.**

    B. <u>Count II: "Artificial Intelligence" Claim ('582 Patent)</u>

Judge Hightower also recommended dismissing Count II with prejudice, finding that the FAC did not adequately allege how the Accused Products used "artificial intelligence" in the manner claimed by the '582 Patent.

9

(Dkt. # 45 at 6–7.)  Claim 1 of the '582 Patent requires a virtual playfield, a first character, and "a second character, wherein said second character is computer controlled via artificial intelligence and said artificial intelligence utilizes said first control signal from said first locating device for controlling, at least in part, said second character."  (Dkt. # 45 at 6.)  Judge Hightower concluded that "Mullen has not plausibly alleged that 'artificial intelligence utilizes said first control signal from said first locating device for controlling, at least in part, said second character,' as required by Claim 1."  (Dkt. # 45 at 7.)

In its Motion, Meta argues Mullen: "was obligated to identify what is the accused 'artificial intelligence' in the accused products" but does not plausibly plead the claimed "artificial intelligence" because it "fails to allege where and how the accused products are using the claimed 'artificial intelligence' which uses 'said first control signal from said first locating device for controlling, at least in part, said second character.'"  (Dkt. # 25 at 10–11.)

In response, Mullen argues that it sufficiently pleads, for example, that the claimed "'artificial intelligence' is programmed into the Meta AR/VR system [Accused Products] and determines or changes the position of the second character's head or eye movements based on, for example, the user's position on the playfield."  (Dkt. # 19 at ¶ 116.)

10

Judge Hightower concluded that Mullen had failed to state a claim as to Count II because it "has not plead facts plausibly suggesting that the Accused Products meet "each limitation of the asserted claim." (Dkt. # 45 at 7.)

In its objection, Mullen contends that it provided sufficient allegations to meet the plausibility standard and argues that the Recommendation improperly discounted its factual assertions. (Dkt. # 51 at 10.) Mullen also argues: "the Report's implicit but unsubstantiated finding that the FAC was purportedly required to plead additional, non-public detail to state a plausible claim for relief is erroneous. In effect, the Report appears to require the impossible, i.e., that Plaintiff must plead in the FAC non-public information including the technical details of the Accused Products' computer source code." (Dkt. # 51 at 11.) Finally, Mullen asserts that the Recommendation construed the claim term "artificial intelligence" without the required Markman process. (Dkt. # 51 at 12.)

In Response, Meta argues that "merely restating words in a claim is not pleading facts under Iqbal/Twombly." (Dkt. # 56 at 10.) See, e.g., Chhim v. Univ. of Tex. at Austin, 836 F.3d 467, 469 (5th Cir. 2016) (courts do not credit "allegations that merely restate the legal elements of a claim."). Further, Meta argues that Judge Hightower was not requiring the "impossible," but rather, was requiring Mullen "plead *facts* plausibly suggesting a claim for relief, as required under Iqbal." (Dkt. # 56 at 11.) (emphasis in original). According to Meta,

11

because Mullen "only parroted the claim language without explaining what facts show how the accused products practice the claimed artificial intelligence using 'said first control signal from said first locating device for controlling, at least in part, said second character,' Plaintiff fell short of satisfying Iqbal/Twombly." (Id. at 11.)  See, e.g., Addiction & Detoxification Inst. v. Carpenter, 620 F. App'x 934, 937 (Fed. Cir. 2015) (bare allegations do not put defendants on "notice as to what activity, method, or procedure is alleged to infringe").

Finally, Meta argues that there was no claim construction needed or conducted by the Magistrate Judge, because "nothing factual was pointed to [by Mullen] for [the artificial intelligence element], despite [Mullen] already knowing that Meta had repeatedly informed Plaintiff that it could not understand what was the accused 'artificial intelligence' and how the accused products allegedly met the 'artificial intelligence' limitation." (Dkt. # 56 at 12.)

The Court agrees with the Magistrate Judge's conclusion. As stated in Meta's motion, the FAC "simply parrot[s] claim language without explaining what facts show how the accused products practice the claimed artificial intelligence" in the claimed manner. (Dkt. # 56 at 11.) As the Federal Circuit has emphasized, "mere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the Iqbal/Twombly standard." Bot M8 LLC, 4 F.4th at 1355. Further, the Court finds Mullen's

12

cursory argument that Judge Hightower engaged in claim construction of the term "artificial intelligence" to be unpersuasive. Concluding that insufficient facts have been alleged to support infringement is not claim construction. Accordingly, this objection is **OVERRULED**. Count II is **DISMISSED WITH PREJUDICE.**

      C.     Leave to Amend

Judge Hightower recommended the Court deny Mullen's request for leave to amend. (Dkt. # 45 at 12.) Judge Hightower noted that "Mullen has already amended its complaint once in response to Meta's first partial motion to dismiss, which raised the same issues as Meta's instant motion but was dismissed as moot after Mullen amended its complaint." (Dkt. # 45 at 11.) Judge Hightower also noted that "Mullen neither submits a proposed amended complaint nor describes any additional facts it would plead to cure the defects in its First Amended Complaint." (Id.)

Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 425 (5th Cir. 2004). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014).

13

Mullen objects to Judge Hightower's recommendation that its request for leave to amend the FAC be denied.  (Dkt. # 51 at 13.)  However, as Meta notes in its response to Mullen's objection, Mullen "still has not explained what specific additional facts it would plead to cure the fundamental defects [identified by Judge Hightower]."  (Dkt. # 56 at 13.)  Because Mullen has already been afforded one opportunity to amend and it has failed to provide the Court with additional facts it would plead to cure the defects identified in the Recommendation, this objection is **OVERRULED**.  See Edionwe v. Bailey, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to apprise court of facts it would plead in amended complaint to cure any deficiencies); see also Local Rule CV-7(b) (requiring that executed copy of a proposed pleading be filed as an exhibit to a motion for leave).  Mullen's request for leave to amend is **DENIED**.

CONCLUSION

For the reasons above, the Court **ADOPTS** U.S. Magistrate Judge Susan Hightower's Report and Recommendation in full as the opinion of this Court.  (Dkt. # 45.)  Defendant Meta's Partial Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  (Dkt. # 23.)  The Motion is **GRANTED** as to Counts II and VII, and those claims are dismissed **WITH PREJUDICE**.  The Motion is **DENIED** as to Counts I, III, IV, V, and IX.  Plaintiff Mullen's request for leave to amend is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, January 29, 2025.

_____
David Alan Ezra
Senior United States District Judge