# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MULLEN INDUSTRIES LLC,** *Plaintiff* | § § § § § § § | |
| **v.** | | **CIVIL NO. 1:24-CV-00354-DAE** |
| **META PLATFORMS, INC.,** *Defendant* | | |

### ORDER

Now before the Court are Defendant's Opposed Motion to Stay Pending *Inter Partes* Review, filed April 7, 2025 (Dkt. 97), and the associated response and reply briefs.[1] Having carefully considered the parties' arguments and the relevant law, the Court grants the motion.

## I.   Background

In its First Amended Complaint (Dkt. 19), Plaintiff Mullen Industries LLC alleged that Defendant Meta Platforms, Inc.'s augmented and virtual reality systems infringed twelve of its patents. The District Court granted Meta's Rule 12(b)(6) motion to dismiss as to two patents; dozens of claims asserted against ten patents remain.[2] Dkt. 64; *see also* Joint Claim Construction Statement, Dkt. 108. Under the Court's Scheduling Order, fact discovery closes November 21, 2025, and expert discovery closes February 20, 2026. Dkt. 42 ¶¶ 10, 15. Claim construction briefing is complete, but no Markman hearing or trial is set. Dkt. 98. Defendant's Opposed Motion to Transfer Venue to the U.S. District Court for the Northern District of California is pending. Dkt. 54.

---

[1] By Text Order entered April 8, 2025, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

[2] Plaintiff initially asserted 478 total claims across the 12 patents-in-suit. Dkt. 29 at 4. After considering the parties' briefing and arguments at the initial pretrial conference, the Court ordered Mullen to assert no more than 60 claims "unless good cause is shown." Dkt. 34 at 1.

In March and April 2025, Meta filed motions for *inter partes* review ("IPR") by the U.S. Patent and Trademark Office Patent Trial and Appeal Board of all asserted claims across all patents in suit. Dkt. 97-1. Institution decisions are expected no later than October 2025. Meta asks the Court to stay this proceeding pending the outcome of the IPR proceedings. Mullen opposes a stay.

## II.     Legal Standard

Courts have inherent power to manage their dockets, including authority to order a stay. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). District courts generally consider three factors when determining whether to stay a matter in light of *inter partes* proceedings: (1) whether a stay would simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *Sterling Computs. Corp. v. X Corp.*, No. 1:24-CV-552-DII, 2025 WL 943411, at *1 (W.D. Tex. Feb. 13, 2025). The party seeking a stay bears the burden of showing that a stay is appropriate. *Meetrix IP, LLC v. Zoho Corp.*, No. 1:22-CV-588-LY, 2023 WL 11915698, at *1 (W.D. Tex. Feb. 28, 2023).

## III.     Discussion

The first factor, simplification of the issues raised, is "the most important." *Radiant Vision Sys., LLC v. Admesy B.V.*, No. 1:21-CV-01115-DAE, 2024 WL 1079059, at *2 (W.D. Tex. Mar. 12, 2024). Meta challenges all 60 asserted claims in its petitions and contends that it is likely that "many, if not all, of Defendant's ten IPR petitions will be instituted." Dkt. 97 at 10-11. Any resulting narrowing or simplification of the issues would help the Court and the parties by saving money and time, Meta argues, and also simplify the issues for claim construction.

Mullen responds that "unless and until the PTAB institutes the IPR petition(s), Meta's arguments are premature." Dkt. 105 at 9-10.

Should the PTAB decide to institute IPRs, the issues here could be greatly simplified, given that the PTAB could find that some or all of the asserted claims are unpatentable. IPRs thus "could dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014). That is sufficient to merit a stay of a few months before the institution decision. *E.g.*, *Universal Connectivity Techs. Inc. v. Dell Techs. Inc.*, No. 1:23-CV-1506-RP, 2024 WL 5159910, at *2 (W.D. Tex. Dec. 12, 2024); *Twitch v. Bote*, No. WA-24-CV-00233-KC, 2024 WL 3898297, at *4 (W.D. Tex. Aug. 21, 2024).

For the second factor, Mullen, which seeks only monetary damages, argues in general terms that it has an interest in the timely enforcement of its patent rights, and that a stay increases the risk of loss of evidence and available witnesses. But it identifies no undue prejudice or clear tactical disadvantage it would suffer from a stay. The Court finds that there is no undue prejudice or tactical disadvantage to Mullen, so the second factor also favors a stay.

Finally, Meta argues that the third factor weighs heavily in favor of staying the case, which is "in its infancy." Dkt. 97 at 8 (citation omitted). It contends: "Because the most burdensome parts of the case remain ahead—including claim construction hearing and order, merits and expert discovery, summary judgment and *Daubert* motions, and trial—this case should be stayed now for maximum efficiency." Dkt. 109 at 6. Mullen argues in response that "the parties and the judicial system have invested substantial resources into this action to date," including by reviewing technical documents and source code and by litigating and adjudicating a motion to compel. Dkt. 105 at 8.

The Court agrees that the early stage of this case favors a stay. Although Mullen filed its original complaint on April 4, 2024, the parties have conducted no merits depositions or expert discovery and no summary judgment or *Daubert* motions have been filed. The parties and the

judicial system indeed have invested significant resources into this case, but only a small fraction of what will be required as it progresses. Simplifying the issues at this early stage will promote efficiency and conserve resources of the court and parties alike. *See, e.g.*, *Rubin v. Kahoot! ASA*, No. 1:23-CV-31-DAE, 2023 WL 12048138, at *2 (W.D. Tex. Apr. 14, 2023) (finding that "a brief stay to await the PTAB's decision promotes judicial efficiency").

In sum, the Court finds that all three factors support a stay pending *inter partes* review. Meta has met its burden to show that a stay is appropriate.

### IV.   Conclusion

The Court **ORDERS** that Defendant's Opposed Motion to Stay Pending *Inter Partes* Review (Dkt. 97) is **GRANTED**. This action is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall file a joint report apprising the Court of the status of the IPRs on or before **October 17, 2025**.

The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on June 24, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE