# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MULLEN INDUSTRIES LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **NO. 1:24-CV-00354-DAE** |
| **META PLATFORMS, INC.,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DAVID A. EZRA**
**       UNITED STATES DISTRICT JUDGE**

Now before the Court are Defendant Meta Platforms, Inc.'s Motion for Entry of Final Judgment Based on Invalidation of All Asserted Patent Claims, filed November 5, 2025 (Dkt. 116); Plaintiff Mullen Industries LLC's Opposed Motion for Leave to Amend Infringement Contentions, filed December 19, 2025 (Dkt. 123); and the associated response, reply, and sur-reply briefs, the latter filed by leave of Court.[1] This Magistrate Judge held a hearing on the motions at which both parties appeared through counsel on May 12, 2026.

## I.      Procedural Background

In its First Amended Complaint (Dkt. 19), Mullen alleged that Meta's augmented and virtual reality systems infringed twelve of its patents, asserting some 307 claims. The Court ordered Mullen to assert no more than 60 claims across the twelve patents "unless good cause is shown," then granted Meta's Rule 12(b)(6) motion to dismiss two patents. Dkts. 34 at 1; 42 at 2; 64. Mullen selected 60 claims after Meta produced its source code and confidential technical documents.

---

[1] By Text Orders entered January 26, 2026, the District Court referred the motions to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Meta then filed motions for *inter partes* review ("IPR") by the United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB") of all 60 asserted claims plus several incorporated unselected claims across all twelve patents originally in suit. After the PTAB instituted IPR of all challenged claims on all asserted grounds, Mullen voluntarily disclaimed all challenged claims and moved to dismiss the IPRs. Dkt. 124-1 at 3. The PTAB denied the motions to dismiss and instead entered adverse judgment against Mullen on all challenged claims. *Id.* at 8.

Meta now asks the Court to enter final judgment because all 60 patent claims asserted by Mullen have been canceled. Mullen seeks leave to amend to pursue its other 181 originally asserted claims "or a subset thereof." Dkt. 118 at 5. This Magistrate Judge recommends that the District Court grant Meta's motion for judgment.

## II.    Analysis

Because all claims asserted by Mullen have been canceled, final judgment should be entered unless the Court grants Mullen leave to amend. The parties agree that courts analyze four factors to determine whether there is good cause to amend:

1.   the explanation for the failure to timely move for leave to amend;

2.   the importance of the amendment;

3.   potential prejudice in allowing the amendment; and

4.   the availability of a continuance to cure such prejudice.

FED. R. CIV. P. 16(b)(4); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Mullen bears the burden to show good cause. *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1082 (2025); *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

**A. Mullen's Explanation for the Failure to Timely Move to Amend**

Mullen argues that it has good cause for its motion to amend "due to changed circumstances arising from the results of Meta's IPRs challenging only Mullen's previously-elected claims." Dkt. 123 at 7. Mullen also contends that it has been diligent by informing the Court it intended to seek leave to amend "mere days after Mullen disclaimed the claims in IPR, which came just two weeks after the final institution decision across Meta's twelve IPRs." Dkt. 118 at 14. Meta disputes both arguments, contending that Mullen has not shown good cause for a "do-over" and did not act diligently by defending its asserted claims at the PTAB rather than changing its asserted claim selection in this litigation after receiving Meta's invalidity arguments or the PTAB institution decisions.

This Magistrate Judge finds that the first factor presents a close question. Courts have broad discretion to reasonably limit the number of claims asserted in a patent case for purposes of judicial economy and efficient case management, if the plaintiff has sufficient due process in claim selection. *In re Katz Interactive Call Processing Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that district courts have inherent authority "to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *cf. Midwest Athletics & Sports All. LLC v. Xerox Corp.*, 545 F. Supp. 3d 16, 21 (W.D.N.Y. 2021) (narrowing 321 claims asserted over 20 patents to 60 claims in first phase of case), *mandamus pet. denied*, 858 F. App'x 363 (Fed. Cir. 2021).

In *Katz*, the Federal Circuit found that the trial court did not err in ordering the plaintiff, who had asserted 1,975 claims from 31 patents, to initially select no more than 40 claims per group of defendants. After determining that the asserted patents contained many duplicative claims, the district court permitted Katz to add new claims if they raised non-duplicative issues, but Katz did

not. The court denied a motion to sever and stay the non-selected claims, which Katz argued divested him of his rights in the unselected claims without due process. The Federal Circuit held:

> We reject Katz's due process argument. Katz has not shown that the claim selection procedure the district court employed was inadequate to protect Katz's rights with respect to the unasserted claims. To make out a due process claim, Katz must demonstrate that the district court's claim selection procedure risked erroneously depriving it of its rights and that the risk outweighed the added costs associated with a substitute procedure.

*Id.* at 1311 (footnote omitted). The Federal Circuit rejected Katz's "all or nothing" argument that the claim selection process was flawed, emphasizing that in complex cases, a district court "needs to have broad discretion to administer the proceeding." *Id.* at 1313 (citation omitted).

A few months later, the Federal Circuit applied *Katz* and affirmed the district court's grant of summary judgment for the defendant in the unpublished decision *Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897 (Fed. Cir. 2011). Stamps.com alleged infringement of 629 claims of eleven patents. *Id.* at 900. The U.S. District Court for the Central District of California limited the number of asserted claims to fifteen but stated that it would "remain flexible" if plaintiff showed good cause for additional claims. *Id.* Stamps.com sought to pursue additional claims without attempting to show good cause after the court granted summary judgment for Endicia, and the Federal Circuit held that the district court did not abuse its discretion in refusing to allow the other claims. The court held that limiting claims is permissible "if the district court left open the door for the assertion of additional claims on a showing of need." *Id.* at 903.

Precedent on the question of amending selected claims after IPR is sparse, and the parties here focus on a handful of cases. Those decisions show that when a case is in its early stages and a plaintiff's claims narrowed by court order have been invalidated by IPR, courts often permit amendment to assert previously unelected claims. In reviewing the case law for and against amendment, the U.S. District Court for the Central District of California found that the plaintiff

cited persuasive authority in support of its contention "that courts regularly allow these types of amendments." *Universal Elecs. Inc. v. Roku, Inc.*, No. 8:18-cv-01580-JVS-ADS, 2025 WL 2428473, at *9 (C.D. Cal. July 29, 2025); *see also Dobeck v. Cobra Eng'g, Inc.*, No. SACV 16-1570 JVS (FFMx), 2017 WL 8186769, at *2 (C.D. Cal. Apr. 12, 2017) (stating that courts "have granted a plaintiff's request to amend when the request does not appear to be motivated by gamesmanship."). The Court agrees.

But Mullen's action at the PTAB distinguish this case from any it has cited in which amendment was allowed. Rather than pursuing the process available at the PTAB and, if necessary, Federal Circuit by defending the validity of the 60 claims it selected – presumably its strongest – Mullen disclaimed them all and returned to this Court asking to select more. There was no change in circumstances implicating Mullen's due process rights, only its tactical decision to voluntarily disclaim all its selected claims and start over. Mullen's "conduct in seeking to start litigation anew after losing round one can best be characterized as tactical." *Papst Licensing GmbH & Co., KG v. Apple, Inc.*, Nos. 6:15-CV-01095-RWS & 6:18-CV-01102-RWS, 2020 WL 11613777, at *3 (E.D. Tex. July 1, 2020) (denying leave to amend). Permitting such gamesmanship would undermine the Court's well-established authority to manage its docket by narrowing the hundreds of claims asserted here.

In all but one case Mullen cites in which amendment was permitted, fewer than all asserted claims were invalidated by the PTO, so the case would return to the trial court in any event. For example, in *Corel Software, LLC v. Microsoft Corp.*, No. 2:15-CV-00528-JNP-PMW, 2018 WL 5792323 (D. Utah Nov. 5, 2018), the district court permitted Corel to substitute two surviving claims when Corel canceled its eight selected claims from the same patent after IPR institution.

But in *Corel*, the PTAB denied institution on a second asserted patent, and Microsoft apparently did not seek IPR of a third. *Id.* at 1.

The one cited case in which amendment was allowed after all asserted claims were invalidated on IPR is *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:15-CV001167-JRG-RSP, 2018 WL 6440893 (E.D. Tex. Nov. 16, 2018), in which the plaintiff asserted only claim 1 of its allegedly infringed patent. After the PTAB invalidated claims 1-8 and 10 of that patent, the U.S. District Court for the Eastern District of Texas permitted the plaintiff to amend to assert claim 9, the only surviving claim. In *EMED*, the plaintiff contested the IPR proceedings through final decision; appealed to the Federal Circuit; and petitioned for rehearing en *banc*, which was denied. *Id.* at *1.

This case presents a significant issue not arising in *EMED*. Both parties demand a jury trial and could not realistically expect a jury to decide more than 300 claims across a dozen patents. Exercising the inherent discretion to manage its docket, the Court limited plaintiff's asserted claims "to effectively and efficiently litigate this case." *CUPP Cybersecurity LLC v. Trend Micro, Inc.*, No. 3:18-cv-1251-M, 2021 WL 3733014, at *2 (N.D. Tex. Jan. 12, 2021) (Lynn, C.J.).

Mullen argues that denying amendment would violate its due process rights to assert claims presenting unique issues that have not been adjudicated on the merits. Judge Connolly rejected this argument in *VLSI Tech. LLC v. Intel Corp.*, No. 18-0966-CFC, 2020 WL 4437401 (D. Del. Aug. 3, 2020), when a plaintiff moved to reintroduce or sever 35 of the 82 claims across five patents it originally asserted despite a claims narrowing order. The court denied amendment, reasoning that

> the thrust of VLSI's argument remains that "each claim it seeks to reintroduce presents 'unique questions of validity or infringement,'" and that, under *Katz*, "if the claim presents 'unique issues' on matters such as infringement, validity, or damages due process mandates their reintroduction into, or severance and stay from, the case." But if due process required courts to allow plaintiffs to assert a claim merely because the claim presented a unique issue of infringement and/or validity, this District Court—in which plaintiffs routinely assert in hundreds of patent cases each

year dozens of patents with dozens of claims—could not function. Each claim of a patent defines a separate invention. Accordingly, absent a defendant's agreement not to dispute the infringement or validity of the limitations of a claim that are not shared by other claims, each claim of an asserted patent necessarily presents a unique issue of infringement or invalidity. Thus, as a practical matter, under VLSI's reading of *Katz*, district courts could never limit the number of claims asserted by a plaintiff, and this Court's docket would grind to a halt.

*Id.* at *2 (cleaned up); *see also Papst*, 2020 WL 11613777, at *2 (stating that "*Katz* did not grant claimants an unfettered right to amend claim elections to add claims raising unique issues of patentability. Instead, *Katz* instructs that a district court should allow claimants to assert additional claims after a showing of need or good cause.").

By disclaiming all its asserted patents on IPR, Mullen shows only a self-inflicted wound, not changed circumstances arising to good cause. Having carefully considered the parties' arguments and the relevant case law, the Court finds that Mullen's explanation weighs against amendment.

## B. Importance of the Amendment

Mullen's proposed amendment is important. Without amendment, this Magistrate Judge would recommend dismissal of the case. Mullen argues that amendment also is important because if the Court enters judgment and it sues Meta again, it will lose some potential damages from alleged past infringement based on the six-year time limit on damages in 35 U.S.C. § 286. Because amendment is important to Mullen, the second good cause factor favors amendment.

## C. Potential Prejudice in Allowing Amendment

The third factor considers potential prejudice to the nonmovant. The Court finds that Meta would suffer prejudice if amendment is allowed. After spending $600,000 in filing fees alone on IPR, Meta would be unable to pursue IPR on Mullen's remaining 181 non-asserted claims because that procedure must be filed within a year after suit is filed. Dkt. 127 at 13. The third good cause factor disfavors amendment.

7

**D.  Availability of a Continuance to Cure Such Prejudice**

Finally, the Court considers whether a continuance is available to cure the prejudice to Meta. A continuance would not cure the prejudice arising from Meta's inability to pursue IPR on Mullen's other claims. Mullen filed its complaint on April 4, 2024, and the case was stayed for IPR on June 24, 2025. Dkt. 112. It has been pending for more than two years. Claim construction briefing is complete, but no *Markman* hearing or trial date is set. Dkt. 98. Because no continuance would be needed, this factor is neutral.

**E.  Conclusion**

With the second and third factors split and the fourth factor neutral, this Magistrate Judge finds that factor one, the explanation for amendment, is dispositive. Because Mullen's explanation disfavors amendment, the Court recommends denying leave to amend.

### III.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for Entry of Final Judgment Based on Invalidation of All Asserted Patent Claims (Dkt. 116), **DENY** Plaintiff Mullen Industries LLC's Opposed Motion for Leave to Amend Infringement Contentions (Dkt. 123), and enter final judgment dismissing this case with prejudice as to all disclaimed claims and without prejudice as to all other asserted claims.

**IT IS ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

### IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 28, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE